966 F.2d 1458
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Harry BEHRLE, Individually and as Executor of the Estate of
Norma Marie Behrle, Deceased, Appellant/Cross-Appellee,
v.
Melvin OLSHANSKY, Appellee/Cross-Appellant.
 Nos. 91-3350WA, 91-3415WA.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 17, 1992.
Filed: June 8, 1992.
 
 Before RICHARD S. ARNOLD, Chief Judge, FRIEDMAN,* Senior Circuit Judge, and LOKEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 In these appeals, both parties contest aspects of a decision by the District Court to make an award of costs and fees incurred in connection with a previous action that had been dismissed without prejudice.
 
 
 2
 A jurisdictional difficulty prevents us from proceeding to the merits on the basis of the present record. The District Court's intended action is clear enough, and is embodied in a memorandum opinion dated September 13, 1991. An order entered simultaneously with this opinion provided that if the plaintiff, Harry Behrle, failed to pay the fees and costs awarded by close of business on September 27, 1991, the Court would "administratively terminate this matter, to be reopened only upon payment of the costs awarded." Further, if the award had not been paid by the close of business on November 27, 1991, the matter would be dismissed with prejudice.
 
 
 3
 On October 8, 1991, the Court, finding that the award of costs and fees had not been satisfied, entered an order administratively terminating the case. This order recites that it is entered without prejudice to the right of the plaintiff to reopen the matter upon payment of the costs awarded by the Court in its opinion and order dated September 13, 1991.
 
 
 4
 Thereafter, on October 14, 1991, the plaintiff filed a notice of appeal, and defendant's notice of cross-appeal followed ten days later. The District Court never took the final action its order of September 13, 1991, had contemplated. No final judgment dismissing the case, either with or without prejudice, was ever entered, notwithstanding the fact that November 27, 1991, came and went without payment of the amount awarded.
 
 
 5
 Doubtless the District Court felt that the filing of the appeal and cross-appeal deprived it of jurisdiction. For this reason, perhaps, it never entered a final judgment reflecting the fact that payment had not been made by November 27. That the omission is understandable, however, is not a sufficient consideration to confer jurisdiction on this Court. No final judgment has ever been entered-only an order of "administrative termination." Such orders are sometimes entered by courts in order to get a case off their plate, so to speak, for statistical purposes. This is done, for example, in situations where the court has done everything it can do with the case, short of entering final judgment, and must await action by one of the parties before this final step can be taken. Whatever the reasons for the form of order entered by the District Court, however, it is not a final judgment. It expressly contemplates that further action could occur before the District Court.
 
 
 6
 Accordingly, the appeal is dismissed for want of jurisdiction. This action is without prejudice to the right of either party to apply to the District Court for entry of a final judgment, following which any party aggrieved may file a timely new notice of appeal. If such a new notice of appeal is filed, the Clerk of this Court is directed to assign it a new docket number and refer the case to this panel. It will then proceed to decide the merits of the case without the necessity of the parties' filing new briefs. The briefs filed in the present appeal and cross-appeal will stand as the briefs of the parties in the new appeal. (We are assuming that the District Court's final judgment will embody the action indicated in its earlier orders, and that a timely notice of appeal and cross-appeal will be filed, as before.)
 
 
 7
 On this understanding, the present appeals are dismissed.
 
 
 8
 It is so ordered.
 
 
 
 *
 The Hon. Daniel M. Friedman, Senior United States Circuit Judge for the Federal Circuit, sitting by designation